▤ EFILED IN OFFICE
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2016000081**

SEP 09, 2016 09:18 AM

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

IN THE STATE COURT OF BRYAN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LLOYD DAN MURRAY, JR., Individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civil Action No. STSV2016000081 |
| -vs- | **JURY TRIAL DEMANDED** |
| ILG TECHNOLOGIES, LLC, d/b/a ILG INFORMATION TECHNOLOGIES., | |
| Defendant. | |

## AMENDED COMPLAINT

Plaintiff, Lloyd Dan Murray, Jr. ("Plaintiff") brings this action against ILG TECHNOLOGIES, LLC d/b/a ILG INFORMATION TECHNOLOGIES ("Defendant" or "ILG"), both Individually and on behalf of all others similarly situated, showing as follows:

### PARTIES, JURISDICTION AND VENUE

1. Subject matter jurisdiction is proper in this Court because this is a class action in which the matter in controversy does not exceed $5,000,000.00 in the aggregate, no individual claim exceeds $75,000.00, and there are less than 100 class members.

2. Plaintiff, Lloyd Dan Murray, is a resident and citizen of Bryan County, Georgia. Injury caused by the conduct of the Defendant occurred in Bryan County, Georgia.

3. Defendant, ILG Technologies, LLC d/b/a ILG Information Technologies is a California Limited Liability Company, with its principal place of business located at 800 West

El Camino Real, Suite 180, Mountain View, California 94040.

## FACTUAL ALLEGATIONS

4. Plaintiff took the Georgia State bar exam in July, 2015.

5. In late October, 2015, Plaintiff was notified that he failed the bar exam.

6. Plaintiff took the Georgia State bar exam again in February, 2016.

7. Plaintiff took the Georgia Bar exam again in July, 2016.

8. On September 6, 2016, Plaintiff was notified that he had, in fact, passed the bar exam which he took in July, 2015.  Had he been accurately notified of his passing grade in October of 2015, he would not have taken the February 2016 Georgia Bar Exam or the July 2016 Bar Exam.

9. ILG is a computer software company specializing in computerized assessment and assessment administration programs.

10. Upon information and belief, ILG offers assessment-management software that assists supports the scoring of exam results, and scaling of the results, and also assists in the reporting of the results and scaled results.

11. The  Georgia Bar of Board examiners contracts with ILG to provide technology in administering computer based testing, and in providing reporting and analytical services.

13. In 2015 and 2016, the Georgia Bar Exam had three component parts: the Multistate Bar Examination ("MBE"); the Multistate Performance Test ("MPT"); and the Essay Portion.

14. The MBE is a multiple choice test developed by the National Conference of Board Examiners. This portion of the exam is graded by the National Conference.

15. The MPT is developed by the National Conference of Bar Examiners. This portion of the test elicits responses in essay format. Although the MPT is developed by the National Conference of Bar Examiners, it is actually graded by the Georgia Board of Bar Examiners.

16. The Essay Portion of the exam is graded by the Georgia Board of Bar Examiners.

17. The Georgia Board of Bar Examiners reviews and grades the answers for each applicant on the MPT and the Essay Portion. Each applicant is given a "raw score."

18. The raw scores for both the Essay Portion and the MPT Portion are then scaled to make scores consistent from year to year.

19. Upon information and belief, the Georgia Bar Examiners utilized software developed by ILG to scale the raw scores for the essay portions of the July 2015 Bar Exam.

20. An error in the ILG designed process utilized to rescale the essay portions of the July 2015 Bar Exam caused the Georgia Bar Examiners to falsely report that Plaintiff Lloyd D. Murray, Jr., had failed to achieve a passing grade on this exam. In truth and in fact, Plaintiff Murray had actually achieved a passing grade.

21. Plaintiff Murray is one of 45 individuals who took the July 2015 Georgia Bar Exam, and who were falsely informed that they had failed to achieve a passing grade.

22. Upon information and belief, the Georgia Bar Examiners utilized software developed by ILG to scale the raw scores for the essay portions of the February 2016 Georgia

Bar Exam, and to report the scaled scores.

23. An error in the IGL designed process utilized to rescale and report scores for the essay portions of the February 2016 Bar Exam caused the Georgia Bar Examiners to falsely report that applicants had failed to achieve a passing grade on that exam.  In truth and in fact, 45 individuals for who the Georgia Bar Examiners had reported a failing grad, had in truth and in fact, achieved a passing grade.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Rule 23 of the Georgia Civil Practice Act on behalf of himself and a Class defined as follows:

All individuals in Georgia who (1) took the Georgia bar exam on July 28 and 29, 2015 and on February 23 and 24, 2016; (2) who were wrongfully informed that they had failed to achieve a passing score on the exam; and (3) whose scaled score was miscalculated with software provided by IGL.

25. Numerosity.  Upon information and belief, the Putative Class is comprised of approximately 90 members.

26. Commonality.  There are questions of law and fact common to the Class, which predominate over any questions affecting only individual class members.  The common questions of law and fact include, without limitation:

    a. Whether the members of the Class have been injured by Defendant's conduct;

b.   Whether Plaintiff and the Class are entitled to relief, and the amount and nature of such relief; and

27.   Typicality.   Plaintiff's claims are typical of the claims of the Class.  Plaintiff and all Class Members were exposed to uniform practices and sustained injury arising out of caused by Defendant's conduct.

28.   Adequacy of Representation.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff's counsel are competent and experienced in litigating class actions.

29.   Superiority of Class Action.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the Class is impracticable.  Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims.  There will be no difficulty in the management of this action as a class action.

### COUNT I
### NEGLIGENCE
### (ON BEHALF OF PLAINTIFF AND THE CLASS)

30.   IGL had a duty to the Plaintiff, and members of the Plaintiff class, to ensure that grades for the July 2015 and February 2016 Bar Exam were accurately calculated, recorded and/or reported.

31.   IGL breached this duty by failing to accurately calculate, record, and/or report the Plaintiffs Bar Exam Grade.

32.   This failure caused the Georgia Bar Examiners to falsely report that Plaintiff had

failed to achieve a passing grade on the July 2015 Bar Exam, when in fact, he had actually achieved a passing grade.

33. This failure caused the Georgia Bar Examiners to falsely report that at least 45 individuals taking the February 2016 Bar Exam had failed to achieve a passing grade, when in fact, these individuals had actually achieved a passing grade.

34. The conduct of Defendant has caused Plaintiff Murray, and those similarly situated, to incur damages, including but not limited to:

    a. the cost of taking subsequent bar exams, including exam sitting fees, travel and hotel expenses;

    b. the cost of taking additional Bar Review courses to prepare for the additional bar exams; and

    c. loss of income.

## COUNT II:
## CLAIM FOR ATTORNEYS FEES

35. Defendant has acted in bad faith, has been stubbornly litigious, or have caused the Plaintiffs unnecessary trouble and expense. As such, Plaintiff is entitled to the recovery of attorney fees pursuant to O.C.G.A. §13-6-11.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully request that the Court enter judgment in their favor and against Defendant, as follows:

    A.    Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representative, and appointing the undersigned counsel as Class Counsel;

    B.    Ordering Defendant to pay actual and general damages to Plaintiff and other members of the Class, as herein before plead;

    C.    Ordering Defendant to pay attorney's fees and litigation costs;

    D.    Ordering such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of their claims to the extent authorized by law.

**THIS THE 8th DAY OF SEPTEMBER, 2016.**

                              **SAVAGE & TURNER, P.C.**

                          BY:  /s/ Brent J. Savage
                                Brent J. Savage
                                Georgia Bar No. 627450

102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah, Georgia  31412
(912) 231-1140