# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| LLOYD DAN MURRAY, JR.; and JENNIFER McGHAN, Individually and on behalf of all others similarly situated, | |
| Plaintiffs, | CIVIL ACTION NO.: 4:18-cv-110 |
| v. | |
| ILG TECHNOLOGIES, LLC, d/b/a ILG INFORMATION TECHNOLOGIES; and BARIS MISMAN, Individually and as Sole Proprietor of ILG INFORMATION TECHNOLOGIES, | |
| Defendants. | |

## **O R D E R**

This proposed class-action lawsuit comes before the Court on Plaintiffs' Motion for Reconsideration. (Doc. 30.) Plaintiffs request that the Court reconsider its June 8, 2018 Order denying Plaintiff's Motion to Remand this case to the Superior Court of Bryan County. (Doc. 29.) Because Plaintiffs have not shown that the Court's prior Order is clearly erroneous, the Court **DENIES** Plaintiffs' Motion, (doc. 30).

## BACKGROUND

The background of this lawsuit was set forth in the Court's June 8, 2018 Order and need not be restated in full here. Put succinctly, Plaintiffs originally filed this lawsuit in the Superior Court of Bryan County and claimed damages below this Court's jurisdictional amount. Specifically, the Complaint states that "the matter in controversy does not exceed $5,000,000.00 in the aggregate, no individual claim exceeds $75,000.00, and there are less than 100 class

members." (Doc. 1-3, p. 1.) As set forth in the Court's prior Order, "Plaintiffs have actually had three chances to state their claimed damages in court filings, and at all three turns they confirm that they seek less than $75,000 per person." (Doc. 29, pp. 2–3 (summarizing Plaintiffs' original complaint, amended complaint, and refiled complaint).) On May 2, 2018, however, Plaintiffs' counsel emailed Defendant's counsel and indicated that each Plaintiff's claim actually exceeded $300,000. (See Doc. 1, p. 3 and Exh. A.)

Shortly thereafter, Defendants filed a Notice of Removal in this Court. (See generally Id.) Defendants contended that the Court could exercise jurisdiction because Plaintiffs sought damages in excess of $75,000 and Plaintiffs' citizenship was completely diverse from Defendants. (Id. (citing 28 U.S.C. § 1332(a)).) Plaintiffs then filed a Motion to Remand. (Doc. 11.) Plaintiffs did not dispute the parties' diversity of citizenship or that they claimed more than the jurisdictional amount. Rather, they contended that Defendants failed to file their Notice of Removal within the thirty-day window required by 28 U.S.C. § 1446. Specifically, Plaintiffs claimed that Defendants should have known that each Plaintiff was seeking more than $75,000 in damages prior to receiving the May 2, 2018 email. Following a hearing on the Motion to Remand, the Court rejected this line of reasoning. In doing so, the Court pointed out that, prior to the email, Plaintiffs had repeatedly represented that their individual claims were less than $75,000. (Doc. 29, pp. 4–5.)

**DISCUSSION**

The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Motions for reconsideration are to be filed only when "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.

Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time. Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs., 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

Plaintiffs do not explicitly state which of the three prerequisites for a motion for reconsideration they are relying upon. However, they clearly do not cite to any newly discovered evidence or a change in the law. Thus, they must demonstrate that the Court made a clear error of law or fact when denying their Motion to Remand. The most that Plaintiffs offer on this front is a contention that, in determining whether Defendants knew earlier (within the thirty-day window required by 28 U.S.C. § 1446) that the amount in controversy exceeded $75,000 per Plaintiff, the Court's prior Order "did not account for attorney's fees and mental pain and suffering as significant portions of the amount in controversy, which they are." (Doc. 30, p. 2.) However, the Court explicitly accounted for these items of damages:

> Moreover, when asked to itemize expenses, Plaintiffs offered a figure of approximately $64,000—which is, of course, less than $75,000. Dkt. No. 11, p. 7-8. Plaintiffs do point out that there were non-monetized claims of attorneys' fees, injury to property rights, injury to reputation, and damages for mental pain and suffering—but then again, these were never itemized to bring the total above $75,000. Dkt. No. 11, p. 8.

(Doc. 29, p. 4.) Plaintiffs now argue that "[s]ince Mr. Murray itemized damages of approximately $64,000 and also claimed attorney's fees and mental pain and suffering, Defendants undoubtedly

3

knew that the amount in controversy exceeded $75,000 . . . ."[1] Yet, Plaintiffs ignore the fact that they repeatedly represented that their individual claims did not exceed $75,000. Indeed, Plaintiffs twice made that representation, (doc. 1-3, p. 1; doc. 11-4, p. 2), even after itemizing their damages in a discovery response, (doc. 11-2). Having explicitly stated that they were seeking damages below this Court's jurisdictional amount, Plaintiffs cannot now argue that Defendants should have known that Plaintiffs' statement was untrue. Put simply, Defendants were permitted to take Plaintiffs at their word.

Plaintiffs have not shown that the Court made a clear error of law or fact when holding that Defendants timely filed their Notice of Removal. Specifically, the Court's holding that Plaintiffs' counsel's May 2, 2018 email triggered 28 U.S.C. § 1446(b)'s clock was not clearly erroneous. Plaintiffs' arguments to the contrary have already been rejected by the Court and are contradicted by Plaintiffs' own prior pleadings.

## CONCLUSION

For all of these reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration, (doc. 30). The June 8, 2018 Order, (doc. 29), remains the Order of the Court.

**SO ORDERED**, this 8th day of February, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiffs continue, "[Defendants] just thought that they could win in state court, which is why they waited until now to remove." (Doc. 30, p. 2.) This type of unsupported name-calling does not address the requirements for a motion for reconsideration, does nothing to advance Plaintiffs' cause, and has no place in sound legal reasoning.

4